and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ.

SAMUEL KENNEY McCREADY, Respondent, v. ISLAND PARK-LONG BEACH, INC., Respondent. In the Matter of the Petition of CHARLES G. STEVENSON, Attorney for the Plaintiff, Verified November 4, 1931, Appellant. (Appeal No. 1.)— Order of April 7, 1932, resettling order of March 22, 1932, reversed on the law and the facts, with ten dollars costs and disbursements, and motion to resettle order denied. Enough has been shown in the record to indicate that in the action brought to recover broker's commissions, and in which the petitioner, as attorney, had a contingent interest, has been settled in fact, although not in form. While the settlement does not appear to have resulted in a payment of money it was of apparent value to the parties plaintiff and defendant. The value of this settlement is properly the subject of determination by the referee in fixing the amount to which petitioner is entitled. If upon the reference it shall be determined that there has been no settlement in fact, the petitioner's application would have to be denied. Assuming that the action was settled, the reference will also determine whether the suit on the promissory note and the action to foreclose were terminated as a part of the consideration or terms of settlement of the brokerage commission action, involving necessarily the relationship between the respective corporations. Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ., concur.

SAMUEL KENNEY McCREADY, Appellant, v. ISLAND PARK-LONG BEACH, INC., Defendant. In the Matter of the Petition of CHARLES G. STEVENSON, Attorney for the Plaintiff, Verified November 4, 1931, Respondent. (Appeal No. 2.) — In view of the decision in *McCready* v. *Island Park-Long Beach, Inc., No. 1 (ante*, p. 872), decided herewith, the appeal in this case is dismissed as unnecessary. Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ., concur.

MORELITE SERVICE STATIONS, INC., and MARTIN ZOLINSKY, Doing Business under the Firm Name and Style of HYZOL SALES COMPANY, Respondents, v. ALBERT GOLDMAN, as Commissioner of Plant and Structures of the City of New York, and GROVER A. WHALEN, as Police Commissioner of the City of New York, Appellants.— Judgment reversed on the law and the facts, with costs, and the complaint dismissed, with costs. The roadway on the bridge approach called " New Street " is not a legally established street. It has never been laid out as a public street. It is a mere traffic lane on bridge lands. The plaintiffs as abutters on bridge lands have no easement of light, air or access, as a matter of law. Their land does not abut upon a public street. The privileges obtained or enjoyed in this respect, if any, are only such as may be reasonably and lawfully accorded to them by the commissioner of plant and structures, under his regulatory powers respecting the uses to which bridge approaches and bridge lands may be put. (*Matter of City of New York*, 174 N. Y. 26, 35; *Matter of City of New York [Ely Ave.]*, 217 id. 45, 56; *Matter of Hoyt*, 162 App. Div. 469; affd., 213 N. Y. 651; *Matter of Corporation Counsel [Attorney St.]*, 186 App. Div. 669; *Matter of Mayor, etc., of New York*, 186 N. Y. 237.) This application of well-settled law achieves a just result. When the parcels of property were taken in condemnation as and for bridge lands, of which parcels plaintiffs' small plot was once a part, consequential damages were awarded to the then owners of the small untaken parts in such sums that the then owners were compensated in full for the deprivation of the easements of light, air and access to the strips then remaining and which now make up plain-